ESTATE OF SETH EDWARD YOUNG, JR., DECEASED, HAYDEN HABY, SR., AND SETH EDWARD YOUNG, SR., COEXECUTORS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29433–81.    Filed November 17, 1983.

*Elwood Cluck*, for the petitioners.
*John F. Eiman*, for the respondent.

OPINION

DAWSON, *Chief Judge*: This case is before us on the Court's own motion to dismiss for lack of jurisdiction as to one of the additions to tax determined by respondent in the notice of deficiency. The issue for decision is whether under the facts

herein this Court has jurisdiction to redetermine the addition to tax for late payment under section 6651(a)(2).[1]

Seth Edward Young, Jr., the decedent, died on March 9, 1977. Under section 6075(a), the estate tax return was due December 9, 1977. It was received by the Internal Revenue Service Center at Austin, Tex., on September 11, 1978. The return reported a balance due (net estate tax) of $59,751.66. Of this amount, $8,843.25 was paid with the return.

` After examining the decedent's estate tax return, respondent issued a statutory notice in which he determined the following deficiency in estate tax and additions to tax:

|  | Additions to tax | |
| --- | --- | --- |
| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
| $190,300 | $61,019 | $2,268 |

The addition to tax under section 6651(a)(2) was measured by the amount shown as tax on the return (less that part of the tax paid therewith).

In their petition, the petitioners disputed the deficiency and both additions to tax and prayed that the Court redetermine that neither the deficiency nor the additions are due. However, they did not claim any overpayment. In his answer, the respondent admitted that the deficiency and the additions are in dispute and prayed that the Court approve his determination as set forth in the statutory notice.

The parties subsequently tried this case and briefed the issues on the merits, specifically including the issue involving the addition to tax for late payment under section 6651(a)(2). Neither at trial nor on brief did either party suggest that we might lack jurisdiction to hear and decide that issue.

As a preliminary matter, we note that this Court can proceed in a case only if it has jurisdiction and that either party, or the Court sua sponte, can question jurisdiction at any time. *Brown v. Commissioner*, 78 T.C. 215, 218 (1982); *Shelton v. Commissioner*, 63 T.C. 193, 197–198 (1974); *National Committee to Secure Justice, Etc. v. Commissioner*, 27 T.C. 837, 839 (1957); *First Nat. Bank of Wichita Falls, Trustee v. Commis-*

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect at the time of the issuance of the statutory notice (Sept. 9, 1981).

*sioner*, 3 T.C. 203, 215 (1944). As we stated in *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 179 (1960), "questions of jurisdiction are fundamental and whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided." In other words, we have jurisdiction to determine jurisdiction. *Brannon's of Shawnee, Inc. v. Commissioner*, 69 T.C. 999, 1002 (1978).

We turn now to the issue before us. There is no question that this Court is a court of limited jurisdiction. *Medeiros v. Commissioner*, 77 T.C. 1255, 1259 (1981); *Wilt v. Commissioner*, 60 T.C. 977, 978 (1973); *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, *supra*. We may therefore exercise jurisdiction only to the extent expressly provided by Congress. See sec. 7442; *Breman v. Commissioner*, 66 T.C. 61, 66 (1976) ("This Court has pointed out on numerous occasions that its jurisdiction is strictly limited by statute and that it may not enlarge upon that statutory jurisdiction"). See also Rule 13, Tax Court Rules of Practice and Procedure.

Section 6213 confers jurisdiction on this Court to redetermine deficiencies in income, estate, gift, and certain excise taxes. *Estate of DiRezza v. Commissioner*, 78 T.C. 19, 25 (1982). See secs. 6211–6212 and 6214–6215. The key section which confers jurisdiction on this Court in the case of additions to tax is section 6659.[2] Accordingly, we begin our analysis with that section.

---

[2]SEC. 6659. APPLICABLE RULES.

(a) ADDITIONS TREATED AS TAX.—Except as otherwise provided in this title—

(1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes;

(2) Any reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

(b) PROCEDURE FOR ASSESSING CERTAIN ADDITIONS TO TAX.—For purposes of subchapter B of chapter 63 (relating to deficiency procedures for income, estate, gift, and certain excise taxes), subsection (a) shall not apply to any addition to tax under section 6651, 6654, or 6655; except that it shall apply—

(1) in the case of an addition described in section 6651, to that portion of such addition which is attributable to a deficiency in tax described in section 6211; or

(2) to an addition described in section 6654 or 6655, if no return is filed for the taxable year.

We note that the Economic Recovery Tax Act of 1981 redesignated sec. 6659 as sec. 6660, applicable to returns filed after Dec. 31, 1981. Sec. 722(a)(1), (4), Pub. L. 97–34, 95 Stat. 172, 341, 342. In turn, the Tax Equity and Fiscal Responsibility Act of 1982 redesignated sec.

Section 6659(a) sets forth the general rule that the deficiency procedures applicable to income, estate, gift, and certain excise taxes are equally applicable to additions to tax. See sec. 301.6659–1(a), (b), Proced. & Admin. Regs. However, section 6659(b) provides an exception to the general rule in the case (inter alia) of additions to tax under section 6651. An exception to this exception is provided by section 6659(b)(1) in the case of that portion of such an addition which is attributable to a deficiency in tax as defined by section 6211. Accordingly, if the addition in question, i.e., the addition for late payment under section 6651(a)(2), is "attributable to a deficiency," the deficiency procedures would be applicable, and this Court would have jurisdiction over that addition. On the other hand, if the addition in question is not "attributable to a deficiency," the deficiency procedures would not be applicable and this Court would not have jurisdiction over that addition. *Estate of DiRezza v. Commissioner*, 78 T.C. at 27. We therefore shift our focus to section 6651.

The addition to tax for late payment under section 6651(a)(2)[3] is determined, i.e., measured, by the amount actually *shown* as tax on the return by the taxpayer.[4] See sec.

---

6660 as sec. 6662. Sec. 323(a), (c), Pub. L. 97–248, 96 Stat. 324, 613, 615, applicable to returns the due date (determined without regard to extension) for filing of which is after Dec. 31, 1982.

The post-1939 legislative history of sec. 6659 is recounted in *DiRezza v. Commissioner*, 78 T.C. 19, 28–30.

[3]SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX.

(a) Addition to the Tax.—In the case of failure—

\*        \*        \*        \*        \*        \*        \*

(2) to pay the amount shown as tax on any return specified in paragraph (1) [principally returns required under authority of subchapter A of chapter 61 (other than part III thereof relating to information returns)] on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; \* \* \*

[4]The addition for late payment was enacted by sec. 943(a) of the Tax Reform Act of 1969, Pub. L. 91–172, 83 Stat. 487, 727–728, because of congressional concern over the increasing failure by taxpayers to timely pay the taxes shown as owing on their returns. In this regard, the Senate Finance Committee report provides as follows:

"*Present law.*—Under present law, in the case of a failure to pay income tax when due, simple interest at 6 percent, payable annually, must be paid on the unpaid amount. Present law also provides a 5 percent per month penalty, up to a maximum of 25 percent, on the amount required to be shown on a return (less amounts already paid) if a taxpayer fails to

301.6651–1(a)(2), Proced. & Admin. Regs., and example (1)(a), sec. 301.6651–1(f), Proced. & Admin. Regs. Thus, in the case before us, respondent measured the late-payment addition by the amount shown as tax on the return by petitioners (less that part of the tax paid therewith). In contrast, the addition for late filing under section 6651(a)(1) is determined by the amount *required to be shown* as tax on the return by the taxpayer. The amount *shown* as tax on the return by the taxpayer is not a deficiency within the meaning of section 6211,[5] and hence is not subject to the deficiency procedures of subchapter B of chapter 63 (i.e., secs. 6211 through 6216). Rather, the amount shown as tax on the return by the taxpayer may be immediately assessed by the Secretary. Sec. 6201(a)(1); sec. 301.6201–1(a)(1), Proced. & Admin. Regs. The addition to tax for late payment is not, therefore, "attributable to a deficiency." Accordingly, the deficiency procedures are not applicable and this Court does not have jurisdiction over that addition. Sec. 6659(b). Cf. sec. 301.6659–1(c)(1), Proced. & Admin. Regs.

---

file a return on the date it is due, unless the failure is due to reasonable cause and not to willful neglect."

\*     \*     \*     \*     \*     \*     \*

"*General reasons for change.*—Since the current cost of borrowing money is substantially in excess of the 6 per cent interest rate provided by the code, it is to the advantage of taxpayers in many cases to file a return on the due date but not to pay the tax shown as owing on the return. For the period the tax remains unpaid, the taxpayer is borrowing from the Government the amount of the tax at a 6 percent rate of interest."

\*     \*     \*     \*     \*     \*     \*

"Although full information is not available, borrowings of this type may be occurring on a substantial scale."
[S. Rept. 91–552 (1969), 1969–3 C.B. 423, 611–612.]

See also Conf. Rept. 91–782 (1969), 1969–3 C.B. 644, 681.
[5]SEC. 6211. DEFINITION OF A DEFICIENCY.

(a) IN GENERAL.—For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, 44, and 45 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, 44, or 45 [i.e., the amount *required to be shown* as tax on the return by the taxpayer] exceeds the excess of—
    (1) the sum of
      (A) the *amount shown as the tax* by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
      (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—
    (2) the amount of rebates \* \* \* made.
[Emphasis added.]

A conclusion contrary to the one that we have reached is not required by either section 6214(a) or *Hannan v. Commissioner,* 52 T.C. 787 (1969), or by any policy against fractionalizing litigation. We will discuss each of these matters in turn.

*Section 6214(a).*[6]—The origin of this Court lies in the Revenue Act of 1924, which established the Board of Tax Appeals. Revenue Act of 1924, ch. 234, tit. IX, 43 Stat. 253, 336–338. See H. Rept. 179, 68th Cong., 1st Sess. (1924), 1939–1C.B. (Part 2) 241, 246–247; S. Rept. 398, 68th Cong., 1st Sess. (1924), 1939–1 C.B. (Part 2) 266, 271–272, 295. That act gave the Board jurisdiction to redetermine deficiencies determined by the Commissioner in a statutory notice. Sec. 900(e), Revenue Act of 1924. However, it did not give the Board jurisdiction to redetermine a deficiency greater than that determined by the Commissioner in the statutory notice. *American Security & Trust Co. v. Tait,* 5 F. Supp. 337, 343 (D. Md. 1933). See *Old Colony Trust Co. v. Commissioner,* 279 U.S. 716, 722 (1929). Such jurisdiction was given to the Board by section 274(e) of the Revenue Act of 1926, ch. 27, 44 Stat. 9, 56.[7] See H. Rept. 1, 69th Cong., 1st Sess. (1925), 1939–1 C.B. (Part 2)

---

[6]SEC. 6214. DETERMINATIONS BY TAX COURT.

(a) JURISDICTION AS TO INCREASE OF DEFICIENCY, ADDITIONAL AMOUNTS, OR ADDITIONS TO THE TAX.—Except as provided by section 7463 [relating to small tax cases], the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

In the discussion which follows above, we focus on whether sec. 6214(a) provides an independent basis for the exercise of jurisdiction over the addition to tax in question.

[7]That section provided as follows:

"The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or rehearing."

As can be seen by comparing the preceding footnote with the above, sec. 6214(a) is virtually identical with sec. 274(e) of the Revenue Act of 1926.

The Revenue Act of 1926 also enacted sec. 274(f), the predecessor of sec. 6212(c)(1), which restricted the issuance of additional notices of deficiency. Sec. 274(f), Revenue Act of 1926, ch. 27, 44 Stat. 9, 56. That section provided as follows:

"If after the enactment of this Act the Commissioner has mailed to the taxpayer notice of a deficiency * * * , and the taxpayer files a petition with the Board within the time prescribed * * * , the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subdivision (e) of this section [quoted immediately above] * * * "

315, 322; S. Rept. 52, 69th Cong., 1st Sess. (1926), 1939–1 C.B. (Part 2) 332, 353. Section 274(e) of the Revenue Act of 1926 also gave the Board jurisdiction "to determine a claim for negligence, fraud, or other similar penalty *which otherwise would be the subject of a notice of deficiency." Bregin v. Commissioner*, 74 T.C. 1097, 1104 (1980); emphasis added. Since then, that section has been successively reenacted without substantial change. We think it is clear that section 274(e) was intended to cure a previous defect in this Court's jurisdiction so that the Commissioner's ultimate determination of a deficiency in such tax and additions to tax as were the proper subjects of a statutory notice could be resolved in one proceeding before this Court without the need for the issuance of an additional notice. See S. Rept. 52, *supra*, 1939–1 C.B. at 353. That section was not intended to expand the Court's jurisdiction over either taxes or additions to tax which were not the proper subjects of a statutory notice.

In view of the foregoing, we think that the jurisdiction conferred by section 6214(a) is merely complementary to the jurisdiction conferred by section 6213. Cf. *Koufman v. Commissioner*, 69 T.C. 473, 475–476 (1977); *LTV Corp. v. Commissioner*, 64 T.C. 589, 591–592 (1975). In other words, absent a deficiency determination by the Commissioner, section 6214(a) does not serve to expand our jurisdiction. Similarly, in the case of additions to tax, the jurisdiction conferred by section 6214(a) is merely complementary to the jurisdiction conferred by section 6659. Absent an addition described in section 6659(b)(1) or (2), section 6214(a) does not serve to expand our jurisdiction over additions to tax. Jurisdiction under section 6659(b)(1) or (2) is therefore a sine qua non for jurisdiction under section 6214(a).

Our conclusion that section 6214(a) does not provide an independent basis for the exercise of jurisdiction over the addition to tax in question is also supported by the fact that section 274(e) of the Revenue Act of 1926 was enacted 2 years *after* the Board of Tax Appeals was created. As previously stated, section 900(e) of the Revenue Act of 1924 gave the Board jurisdiction to redetermine a deficiency determined by the Commissioner in a statutory notice. Section 275 of that

act[8] provided that the 5-percent addition to tax for negligence and the 50-percent addition to tax for fraud were to be assessed, collected, and paid in the same manner as a deficiency.[9] See S. Rept. 52, *supra*, 1939–1 C.B. (Part 2) at 353. Thus, if section 274(e) of the Revenue Act of 1926 were viewed as providing an independent basis for the exercise of jurisdiction, it would be mere surplusage because such jurisdiction had already been granted by section 275 of the Revenue Act of 1924.

Finally, our conclusion that section 6214(a) does not provide an independent basis for the exercise of jurisdiction over the addition to tax in question is also supported by the language of section 6659(b). The latter section provides that the deficiency procedures described in subchapter B of chapter 63 do not apply to any addition to tax under section 6651 except to the extent that the addition is attributable to a deficiency. We said previously that the addition to tax for late payment under section 6651(a)(2) is not, by definition, attributable to a deficiency. (See, however, note 10 *infra*, and the related text.) Section 6214(a) falls within subchapter B of chapter 63. Accordingly, if that section were viewed as providing an independent basis for the exercise of jurisdiction, it would contradict the express language of section 6659(b), which clearly provides that the deficiency procedures are not applicable.

*Hannan v. Commissioner.* —In *Hannan*, respondent issued a putative statutory notice in which he determined "income tax deficiencies" and additions to tax for late filing. In reality, the "deficiencies" merely represented the underpayment of taxes reported by the taxpayers on their returns, and not adjust-

---

[8]Sec. 275 of the Revenue Act of 1924, ch. 234, 43 Stat. 253, 298, provided as follows: (a) If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency * * *

(b) If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid * * *

[9]That part of the Revenue Act of 1924 dealing with payment, collection, and refund of tax and penalties (part V of tit. II, ch. 234, 43 Stat. 253, 295–303) did not include any addition to tax for late filing in the case of a deficiency. Compare sec. 3176 of the Revised Statutes, as amended by sec. 1003, Revenue Act of 1924, ch. 234, 43 Stat. 253, 339–340, which authorized the Commissioner to "add to the tax 25 per centum of its amount" in the case of a taxpayer's failure to timely file a return.

ments made by the Commissioner. The taxpayers filed a petition disputing the "deficiencies" and the late-filing additions. Respondent then moved to dismiss for lack of jurisdiction. The issue which we faced was whether the additions were "attributable to a deficiency" for purposes of section 6659(b)(1) so that this Court would have jurisdiction over them. In denying respondent's motion, we held that "it is not the *existence* of a deficiency but the Commissioner's *determination* of a deficiency that provides a predicate for Tax Court jurisdiction." 52 T.C. at 791; emphasis in the original. In the case before us, however, the addition to tax for late payment is not attributable to some amount which respondent has characterized (either correctly or incorrectly) as a deficiency. Rather, it is attributable to the amount shown as tax on the return by petitioners. Furthermore, as we have already observed, the addition to tax for late filing under section 6651(a)(1) can be (and frequently is) attributable to a deficiency, as well as to the amount shown as tax on the return. In contrast, the addition to tax for late payment under section 6651(a)(2) cannot be attributable to anything other than the amount shown as tax on the return. We therefore think that *Hannan* is inapposite to the issue before us.

*Fractionalizing litigation.*—If the Commissioner determines additions to tax under section 6651(a)(1) and (a)(2), the taxpayer can avoid them by establishing that the failure to timely file and the failure to timely pay were due to reasonable cause and not due to willful neglect. See sec. 301.6651–1(c), Proced. & Admin. Regs. Given the fact that this Court has unquestioned jurisdiction over that portion of a late-filing addition which is attributable to a deficiency (sec. 6659(b)(1); *Estate of DiRezza v. Commissioner*, 78 T.C. at 25–32), one might contend that we *should* have jurisdiction over the late-payment addition because the issue of reasonable cause is common to both.[10] In other words, if we are going to decide whether there was reasonable cause to excuse the late-filing addition, why should we decline to decide whether there was reasonable cause to excuse the late-payment addition and

---

[10] We note, however, that reasonable cause sufficient to excuse the late-payment addition is not necessarily the same as reasonable cause sufficient to excuse the late-filing addition. Sec. 301.6651–1(c)(1), Proced. & Admin. Regs.

thereby force the taxpayer to litigate that issue before another tribunal? However, as we have previously remarked, our jurisdiction is purely statutory and not dependent on policy considerations. See *Breman v. Commissioner*, 66 T.C. at 66; cf. *Bregin v. Commissioner*, 74 T.C. at 1104-1105. Stated otherwise, our jurisdiction is a matter of "do or do not," and not "should or should not."

Our holding that this Court does not have jurisdiction to redetermine the late-payment addition is confined to the facts of the case before us. Thus, we do not hold that this Court lacks such jurisdiction under section 6512(b)(1) if the taxpayer has made an overpayment of that addition.[11] Nor do we hold that this Court lacks such jurisdiction if no return is filed.[12] However, we do not imply that this Court has jurisdiction to redetermine the late-payment addition in either of those cases. We decide only the issue before us and reserve the other issues for another day.

Finally, we recognize that in certain prior cases, we redetermined the addition to tax for late payment under section 6651(a)(2) without considering the jurisdictional issue presently before us. See *Estate of Rapelje v. Commissioner*, 73 T.C. 82, 88-89, 90-91 (1979); *Estate of Bennett v. Commissioner*, T.C. Memo. 1980-292; *Madden v. Commissioner*, T.C. Memo. 1980-350; *Nittler v. Commissioner*, T.C. Memo. 1979-440; *Pehlke v. Commissioner*, T.C. Memo. 1978-254. See also *Snyder v. Commissioner*, 66 T.C. 785 (1976); *Hip Sing Association, Inc. v. Commissioner*, T.C. Memo. 1982-203; *Keen v. Commissioner*,

---

[11]SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT.

(b) OVERPAYMENT DETERMINED BY TAX COURT.—

(1) JURISDICTION TO DETERMINE.— * * * if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, or of tax imposed by chapter 45 for the same taxable period, in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

See sec. 6659(a)(2), quoted *supra* in note 2.

[12]In that case the late-payment addition would arguably be attributable to a deficiency. However, there would be nothing against which to measure it. See *Johnson v. Commissioner*, T.C. Memo. 1983-398; see also Rev. Rul. 76-562, 1976-2 C.B. 430; cf. *Rigby v. Commissioner*, T.C. Memo. 1983-306.

T.C. Memo. 1981–313, where respondent determined the late-payment addition but we did not reach the issue of liability. To the extent that any of these cases (or those cited in note 12) may be read to imply that this Court has jurisdiction to redetermine the late-payment addition in a case which is factually similar to the one before us, they are expressly disapproved.

To reflect the foregoing,

> *An order dismissing the late-payment addition for lack of jurisdiction will be issued.*

Reviewed by the Court.

GOFFE, *J.*, concurring: I agree with the holding of the majority wherein it decides that this Court lacks jurisdiction. The majority carefully examines the deficiency procedures, including the statutory framework based upon the definition of a "deficiency." It concludes that the addition to tax in the instant case is beyond the scope of our jurisdiction because it is not attributable to a "deficiency," as defined in section 6211(a).

I agree with the analysis by the majority, but point out, however, that it is totally inconsistent with the holding of the majority in *Scar v. Commissioner*, 81 T.C. 855 (1983), in which the definition of a "deficiency" in section 6211(a) was characterized as follows (81 T.C. at 861):

The definition of a "deficiency" contained in section 6211(a) does not require a different conclusion. As we see it, this definition simply outlines the *method* by which a notice of deficiency should be constructed and does not affect the jurisdiction of this Court. * * *

In the instant case, the sole issue before the Court is decided upon the definition of a "deficiency" contained in section 6211(a). For the reasons set forth in detail in my dissenting opinion in *Scar v. Commissioner, supra* at 869–879, I concur with the majority in the instant case and conclude that the definition of a "deficiency" is inextricably related to the jurisdiction of this Court.

STERRETT, *J.*, agrees with this concurring opinion.

CHABOT, *J.*, concurring: Section 6651(a)(2) was added to the Code by section 943(a) of the Tax Reform Act of 1969 (Pub. L. 91-172, 83 Stat. 487, 727). The legislative history of the 1969 Act does not indicate that the Congress considered the question of whether an addition to the tax under section 6651(a)(2) is to be subject to redetermination by this Court. As is apparent in the instant case, the conclusion we reach may result in fractionalizing litigation in some circumstances. Because of the provisions of section 6651(c)(1)(A), coordinating the amounts of additions to tax under paragraphs (1) and (2) of section 6651(a), in appropriate cases, we may have to calculate the amount of a section 6651(a)(2) addition, even though we do not have jurisdiction to redetermine the addition.

From the foregoing, one might conclude that, if the Congress had recognized the question, then the Congress might well have given us jurisdiction over the addition to tax under section 6651(a)(2).[1] However, the Congress did not make any special provision to deal with this question, and so our task is to interpret the statute that the Congress enacted and not to guess at what the Congress would have done had it faced the matter we deal with in the instant case.[2] See *Adams v. Commissioner*, 72 T.C. 81 (1979), affd. without published opinion 688 F.2d 815 (2d Cir. 1982); *Zuanich v. Commissioner*, 77 T.C. 428 (1981), on appeal (9th Cir., Nov. 13, 1981).

The majority opinion explains very well what the statute means and arrives at the correct result under the statute. I join that opinion, even though I believe that judicial administration would be improved if the Congress were to amend the statute to give this Court jurisdiction in cases such as the instant one.

FAY and WHITAKER, *JJ.*, agree with this concurring opinion.

---

[1]This could have been accomplished by giving this Court jurisdiction generally or by using a technique that the Congress used with regard to claims for refund of certain excise taxes on gasoline and lubricating oil (i.e., giving this Court jurisdiction only in a case over which we would have had jurisdiction even without this issue). See secs. 39 and 6211(b)(4), enacted by secs. 809(c) and 809(d)(5)(A) of the Excise Tax Reduction Act of 1965, Pub. L. 89-44, 79 Stat. 136, 167, 168.

[2]See O. W. Holmes, "The Theory of Legal Interpretation," 12 Harv. L. Rev. 417, 419 (1899): "We do not inquire what the legislature meant; we ask only what the statute means."

SWIFT, *J.*, dissenting: Generally, resort to legislative history is only justified where the face of the statute is inescapably ambiguous. *Schwegmann Bros. v. Calvert Distillers Corp.*, 341 U.S. 384 (1951) (Jackson, J., concurring). See also *Ex Parte Collett*, 337 U.S. 55 (1949); 2A C. Sands, Statutes and Statutory Construction, sec. 48.02, at 184 (4th ed. 1973). Section 6214(a) clearly states, with no ambiguity, that where there is a deficiency (notice of which has been mailed to the taxpayer), the Tax Court shall have jurisdiction to redetermine not only the taxes determined to be due but also "any * * * addition to the tax." In the instant case, a notice of deficiency was mailed by the Commissioner which determined an estate tax deficiency and two additions to the tax under section 6651(a). The plain language of section 6214(a) vests jurisdiction in this Court to determine the correctness of each of these additions.

A contrary interpretation of section 6214(a) would be inconsistent with a number of prior decisions of this Court in which jurisdiction over a section 6651(a)(2) addition to the tax was assumed. See *Estate of Bennett v. Commissioner*, T.C. Memo. 1980–292; *Madden v. Commissioner*, T.C. Memo. 1980–350; *Estate of Rapelje v. Commissioner*, 73 T.C. 82, 88–91 (1979); *Nittler v. Commissioner*, T.C. Memo. 1979–440; *Pehlke v. Commissioner*, T.C. Memo. 1978–254; *Snyder v. Commissioner*, 66 T.C. 785 (1976); *Hip Sing Association, Inc. v. Commissioner*, T.C. Memo. 1982–203; and *Keen v. Commissioner*, T.C. Memo. 1981–313. The reasonable inference to be drawn from, and the probable explanation for, the failure in those cases to challenge the jurisdiction of the Court over the section 6651(a)(2) addition is that the governing statute (namely, section 6214(a)) was not considered ambiguous and provided jurisdiction. In one Tax Court decision, *Bregin v. Commissioner*, 74 T.C. 1097 (1980), jurisdiction over an erroneous income tax refund was found to be lacking where the taxpayer had filed a petition in the Tax Court after receipt of a notice of deficiency. To the extent that decision is contrary to the assertion of Tax Court jurisdiction over an addition to tax under section 6651(a)(2), as reflected in the above decisions and as submitted herein, *Bregin* should be overruled.

A contrary interpretation of section 6214(a) also produces the unfortunate and inefficient result that a taxpayer faced with the not uncommon situation of an income tax deficiency,

an addition to tax for failure to file (section 6651(a)(1)) and an addition to tax for failure to pay (section 6651(a)(2)), may be contesting the income tax deficiency and the failure to file addition in this Court but will have to go to the U.S. Claims Court or one of the Federal District Courts to contest the addition to tax for failure to pay. The extra litigation which will result, particularly in light of the essentially identical issues involved, is unnecessary where a commonsense reading of section 6214(a) would support the jurisdiction of this Court over all section 6651 additions to tax.

The majority errs in concluding that section 6214(a) is merely complementary to section 6659(b). The independent jurisdictional status of section 6214(a) is illustrated by this Court's jurisdiction over the section 6651(a)(1) addition to tax. Consider a hypothetical situation where a notice of income tax deficiency is issued and where no addition to tax is included in the notice. The taxpayer files a timely petition in this Court, and in the course of the litigation, the Commissioner files an amended answer in which he for the first time asserts an addition to tax under section 6651(a)(1).

The majority correctly would conclude that Tax Court jurisdiction in that hypothetical situation over the section 6651(a)(1) addition to tax would be proper but would incorrectly conclude that section 6659(b)(1) would be the basis therefor. To the contrary, because section 6659(b)(1) mandates that additions to tax under section 6651(a)(1) *must comply* with the deficiency procedures of subchapter B of chapter 63, jurisdiction on the basis of section 6659(b)(1) could not be asserted in the absence of the mailing of a notice of deficiency under sections 6211 and 6212 asserting the section 6651(a)(1) addition to tax.

Why then, in the hypothetical situation, would jurisdiction over the section 6651(a)(1) addition to tax be proper? It is because of the additional and independent grant of jurisdictional authority which is given to this Court in section 6214 over additions to tax which are not set forth in a notice of deficiency. Thus, it is in spite of, not because of, the provisions of section 6659(b) that this Court would have jurisdiction over the section 6651(a)(1) addition in the above example.

The majority opinion also incorrectly argues that under any interpretation other than the one adopted therein, section

274(e) of the Revenue Act of 1926 would have been unnecessary. I disagree. Section 274(e) was necessary precisely to make it clear that even though section 275 of the Revenue Act of 1924 required notices of deficiency for the two then extant additions to tax, jurisdiction by the Board of Tax Appeals could be asserted over these additions to tax in the absence of notices of deficiency with respect thereto. This was a clear grant of jurisdiction above and beyond (and contrary to the limits of) the jurisdiction granted by section 275.

Accordingly, I would find that the clear language of section 6214 provides this Court with jurisdiction over each of the three additions to tax set forth in section 6651(a)(1), (2), and (3).

For the above reasons, I respectfully dissent.