GEORGE WARREN KEARSE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kearse v. Commissioner
Docket No. 474-85.
United States Tax Court
T.C. Memo 1988-249; 1988 Tax Ct. Memo LEXIS 277; 55 T.C.M. (CCH) 1027; T.C.M. (RIA) 88249; June 6, 1988. P earned wages and other income in 1980 through 1982. P claimed that because such income was received in the form of Federal Reserve Notes, he was not taxable on such income. For such reason, P failed to file Federal income tax returns for 1980 through 1982. Held, P is liable for the deficiencies in, and additions to, tax determined by the Commissioner; held, further, P is liable for damages under sec. 6673, I.R.C. 1954, for instituting and maintaining a frivolous proceeding. Tracy E. Mulligan, for the petitioner. Paul Wright, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in, and additions to, the petitioner's Federal income taxes as follows: Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6654
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
I.R.C. 1954
1980
$ 17,497.00
$ 8,748.50
--
$ 286.50
1981
16,986.00
8,493.00
--
309.21
1982
15,531.00
7,765.50
50% of interest
229.28
on underpayment
attributable to
fraud
After concessions, the issues for our decision are: *278 (1) Whether income received by the petitioner in the form of Federal Reserve Notes is subject to Federal income tax; (2) whether the petitioner is liable for the addition to tax for negligence under section 6653(a) for 1980 and section 6653(a)(1) and (a)(2) for 1981 and 1982; (3) whether the petitioner is liable for the additions to tax for failing to file and pay Federal income tax returns under section 6651(a)(1) and (a)(2) for 1981 and 1982; [2] *279 (4) whether the petitioner is liable for the addition to tax for underpayment of estimated tax under section 6654 for 1981; and (5) whether the Government is entitled to damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, George Warren Kearse, resided in Alexandria, Virginia, at the time he filed his petition in this case. During 1980, 1981, and 1982, Mr. Kearse was employed as a technician for the National Broadcasting Company (NBC). He received wages from NBC of $ 38,405.00 in 1980, $ 38,605.56 in 1981, and $ 41,326.00 in 1982. He also received interest and dividend income of $ 7,457.00 in 1980, $ 11,372.00 in 1981, and $ 6,438.00 in 1982. Mr. Kearse failed to file Federal income tax returns for such years, despite having received such income and despite being aware of his obligation to file such returns. Mr. Kearse filed a Federal income tax return for 1979. In a notice of deficiency issued to the petitioner, the Commissioner calculated Mr. Kearse's taxable income for 1980, 1981, and 1982 and determined deficiencies in Federal income tax for such years. He also determined that Mr. Kearse was liable for the additions to tax for fraud under section 6653(b) and for underpayment of estimated tax under section 6654 for the years in issue. In the stipulation of facts submitted to the Court at *280 trial, the parties agreed upon Mr. Kearse's taxable income for the years in issue. The Commissioner conceded the additions to tax for fraud and instead asserted additions to tax for negligence and for failing to file returns and failing to pay for the years in issue. He also asserted that the Government was entitled to damages from Mr. Kearse for instituting and maintaining a frivolous proceeding in this Court, within the meaning of section 6673. The trial in this case lasted one hour and 10 minutes. At trial, Mr. Kearse, who was the only witness presented, testified that he had conducted research relating to the obligations of citizens to pay Federal income taxes. He testified that his research led him to conclude that individuals who earn wages, particularly wages for which payment is received in the form of Federal Reserve Notes, are subject to income tax. After trial, the Commissioner filed a 13-page brief. Mr. Kearse filed an 11-page brief, in which he repeated his arguments that Federal Reserve Notes are not dollars and that income received in the form of Federal Reserve Notes is not subject to income tax. In such brief, he provided no legal authority to support his arguments. *281 OPINION The petitioner has agreed to the amount of taxable income earned by him and to the amount of Federal income tax owed by him as "computed according to the rules and regulations enforced by the Internal Revenue Service." However, he maintains that the Constitution allows Congress to levy a tax only upon income received in "dollars." He claims that the Code has strayed from this constitutional requirement because it taxes amounts received in the form of Federal Reserve Notes. He contends that since Federal Reserve Notes are not redeemable in gold or silver, they are not "dollars" within the meaning of the Constitution. Thus, his argument is that the Code is based upon an invalid definition of income, since one who receives income in Federal Reserve Notes receives no dollars upon which he can be taxed. The courts have considered similar arguments repeatedly over the years, and have consistently held that such arguments are without legal justification. Courts have uniformly concluded that Federal Reserve Notes constitute legal tender which must be reported on a taxpayer's return. See, e.g., United States v. Kelley,539 F.2d 1199, 1203 (9th Cir. 1976); United States v. Daly,481 F.2d 28, 30 (8th Cir. 1973). We, too, find Mr. Kearse's contentions to be without merit. Cupp v. Commissioner,65 T.C. 68, 81 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). He may have spent considerable time in developing his beliefs, he may be sincere in such beliefs, and he may genuinely disapprove of the changes made by Congress in our fiscal system; nevertheless, his beliefs and views do not give him the right to ignore the law of the land. The changes in our fiscal system have been consistently recognized by the courts, and Mr. Kearse must also accept them. The next issue for our decision is whether the petitioner is liable for the additions to tax for failing to file returns, for failing to pay, for negligence, and for underpayment of estimated tax. Since the Commissioner asserted the additions to tax for failing to file returns, for failing to pay, and for negligence after he issued the notice of deficiency, he bears the burden of proof as to such additions. Rule 142(a), Tax Court Rules of Practice and Procedure.[3] *283 Mr. Kearse bears the burden of proof as to the addition to tax for underpayment of estimated tax. Rule 142(a). Mr. Kearse admits that he did not file his income tax returns for the years in issue, nor did he pay the tax. As a defense to such failure, he contends that in order for a taxpayer to file a properly executive Form 1040, he must admit under oath that Federal Reserve Notes are "dollars." Mr. Kearse claims that because he honestly believes that Federal Reserve Notes are not in fact dollars, filing a proper Form 1040 would be, for him, tantamount to committing perjury. Thus, he argues that his refusal to file returns or pay the tax was reasonable and that he was not negligent in not reporting and paying his tax and in not complying with the rules and regulations. We are not persuaded by the petitioner's argument. We observe that Mr. Kearse filed a return for 1979. He clearly knew of his obligation to file returns and pay the tax for the years in issue. Further, at the time the petitioner was required to file his returns, there were numerous cases in existence which clearly held that his justifications for failing to file or report income or pay were incorrect and unreasonable. See, e.g., United States v. Kelley, supra;Hatfield v. Commissioner,68 T.C. 895 (1977); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. without published opinion 576 F.2d 1383 (8th Cir. 1978); Cupp v. Commissioner, supra.Therefore, we conclude that Mr. Kearse's failure to file, to report income, to pay the tax, and to properly pay his estimated tax liability, and to comply with the Federal income tax law's rules and regulations was neither reasonable nor justified. For such reasons, we hold that the additions to tax under sections 6651(a)(1) and (2), 6653(a), 6653(a)(1) and (2), and 6654 are applicable. See Rodeck v. Commissioner,T.C. Memo. 1986-99, affd. without published opinion 822 F.2d 1090 (7th Cir. 1987). The final issue for our decision is whether the Government is entitled to damages from Mr. Kearse for instituting and maintaining a frivolous proceeding in this Court, within the meaning of section 6673. We have awarded such damages in other cases in which taxpayers raised the same tax protester-type arguments as does the petitioner. See, e.g., Fedele v. Commissioner,T.C. Memo. 1985-569; Hartman v. Commissioner,T.C. Memo. 1985-482; Sullivan v. Commissioner,T.C. Memo. 1985-439; Crim v. Commissioner,T.C. Memo. 1985-8. In our view, such damages are appropriate in this case as well. By the time Mr. Kearse filed his petition, the legal theories upon which he based his case had been thoroughly repudiated by this Court and others (see, e.g., United States v. Kelley, supra;Rowlee v. Commissioner,80 T.C. 1111 (1983); Cupp v. Commissioner, supra), and he had no reason to believe that he might prevail. Yet, he forged on in the face of such adverse precedent and forced the Government's attorneys and this Court to expend resources to consider his meritless claims. We conclude that such conduct entitles the Government to damages in the amount of $ 5,000, pursuant to section 6673. To give effect to the Commissioner's concessions, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code or 1954 as in effect during the years in issue.↩
2. In Estate of Young v. Commissioner,81 T.C. 879 (1983), this Court held that generally we have no jurisdiction to consider the addition to tax under sec. 6651(a)(2) for failure to pay the amount of tax shown on the taxpayer's return. The Tax Reform Act of 1986, Pub. L. 99-514, sec. 1554(a), 100 Stat. 2754, expressly granted us jurisdiction to consider such addition. The act made such grant of jurisdiction applicable to any proceeding in this Court which did not become final before the date of enactment. Tax Reform Act of 1986, supra, sec. 1554(b).
3. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.