T.C. Memo. 2015-220

UNITED STATES TAX COURT

BRUCE EDWARD HADDIX AND RAE ANN HADDIX, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19647-13L.                    Filed November 18, 2015.

Bruce Edward Haddix and Rae Ann Haddix, pro sese.

Cindy L. Wofford, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on respondent's motion to

dismiss for lack of jurisdiction, as supplemented (motion to dismiss), on the

ground that the petition was not filed within the time prescribed by section

**[*2]** 6330(d) or section 7502.[1]  As explained below, we will grant respondent's motion to dismiss, as supplemented.

Background

On July 16, 2013, respondent mailed petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) informing petitioners that respondent would proceed with the collection by levy of petitioners' unpaid Federal income tax for 2008, 2009, and 2011.  On August 23, 2013, petitioners filed a petition with this Court seeking review of respondent's proposed collection action.  The petition arrived at the Court in a properly addressed envelope.  A mailing label was affixed to the center of the envelope.  The top right corner of the label bore, among other things, the following:  "$5.60; Date of Sale; 08/16/13; 08312498; APC".

On December 1, 2014, a hearing was held on the motion to dismiss. Following the hearing, respondent filed a first supplement to the motion to dismiss.  On March 9, 2015, a second hearing was held.  Mr. Wagener, a senior

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] manager with the U.S. Postal Service,[2] testified at the second hearing. He identified the writing in question as digital postage purchased at a self-service U.S. Postal Service kiosk (U.S. Postal Service kiosk) in Mansfield, Texas. He explained that, similar to private postage meters, U.S. Postal Service kiosks are devices that allow mailers to purchase and print postage directly onto mailing labels. He further explained that the $5.60 price on the mailing label in question indicated the amount of postage purchased, the 08/16/13 date indicated the date that the $5.60 of postage was purchased, and the 08312498 figure was a serial number used by the U.S. Postal Service for accounting purposes. According to Mr. Wagener, a piece of mail bearing U.S. Postal Service kiosk indicia will be processed and mailed if it is deposited in the mail or presented for mailing on or after the date shown in the indicia.

Following the second hearing, respondent filed a second supplement to the motion to dismiss and petitioners filed a response to respondent's first and second supplements.

---

[2] Mr. Wagener has worked in U.S. Postal Service mail processing and distribution centers for over 20 years in a number of managerial and nonmanagerial capacities.

[*4]                                  Discussion

I.      Jurisdiction Generally

The Tax Court is a court of limited jurisdiction, sec. 7442, and may exercise jurisdiction only to the extent expressly authorized by Congress, Stewart v. Commissioner, 127 T.C. 109, 112 (2006); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983).  Questions of jurisdiction are fundamental; and whenever it appears that this Court may lack jurisdiction, that question must be addressed.  Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 179 (1960).  We have jurisdiction to determine whether we have jurisdiction. Stewart v. Commissioner, 127 T.C. at 112; Estate of Young v. Commissioner, 81 T.C. at 880-881; Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978).

II.     Jurisdiction To Review the Collection Action Determination

        A.      Timely Petition

In a collection review action involving a proposed levy, this Court's jurisdiction under section 6330 depends on the issuance of a notice of determination by the Internal Revenue Service Office of Appeals and the filing by the taxpayer of a timely petition.  Sec. 6330(d)(1); Weber v. Commissioner, 122 T.C. 258, 261 (2004); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001);

[*5] Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see Rule 330(b). See generally Rules 330-334. If the Office of Appeals issues a valid notice of determination to a taxpayer but the taxpayer files an untimely petition, then the Court will, and must, dismiss the action for lack of jurisdiction. Weber v. Commissioner, 122 T.C. at 262. Because petitioners are invoking the Court's jurisdiction, they bear the burden of proving that the petition was timely filed. See Maddox v. Commissioner, T.C. Memo. 2009-241.

B.    Sections 6330 and 7502

Section 6330(d)(1) provides that the taxpayer will have 30 days following the issuance of the notice of determination to file a petition for review with the Court. Section 7502, however, provides some relief from the strict 30-day requirement in cases where the petition is mailed within the 30-day period but received for filing after the expiration of that period. Under section 7502, the date of mailing is deemed to be the date of filing if certain requirements are met.

Section 7502(a) provides that timely mailing shall be treated as timely filing if a petition is delivered to this Court by U.S. mail after the time prescribed for its filing and the U.S. Postal Service postmark date affixed to the envelope is within that time. Section 7502(b) authorizes the Secretary to prescribe regulations for

**[\*6]** determining whether and to what extent the timely mailing rule of section 7502(a) will be applied to non-U.S. Postal Service postmarks. Stotter v. Commissioner, 69 T.C. 896, 897 (1978). Extrinsic evidence is admissible to prove the date of mailing only where an envelope lacks a postmark or the postmark is illegible. Mason v. Commissioner, 68 T.C. 354, 355-556 (1975); Hendley v. Commissioner, T.C. Memo. 2000-348. However, the Court will not look behind a legible postmark whether it be a U.S. Postal Service or non-U.S. Postal Service postmark. Wiese v. Commissioner, 70 T.C. 712, 715 (1978).

III.  Analysis

  A.  Timing of Filing the Motion To Dismiss for Lack of Jurisdiction Is Inconsequential.

At the outset, we deal with petitioners' argument that they are entitled to a decision because respondent filed an untimely motion to dismiss for lack of jurisdiction on October 22, 2014, which was more than 45 days after the filing of the petition on August 23, 2013. Petitioners' position is without merit. The Tax Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time. Estate of Young v. Commissioner, 81 T.C. at 880-881. Thus, a motion to dismiss for lack of

**[\*7]** jurisdiction may be filed at any time. Accordingly, petitioners' argument that respondent's motion to dismiss was filed late is inapposite.

B.      Petitioners' Claim for Section 7502 Relief Also Fails.

The notice of determination was mailed to petitioners on July 16, 2013, and the applicable 30-day period expired on August 15, 2013. The petition was filed on August 23, 2013, 38 days after the mailing of the notice of determination. Thus, petitioners missed the deadline of August 15, 2013--leaving section 7502 as their only recourse. Petitioners argue that, under section 7502, their petition should be deemed filed on August 15, 2013, because, according to them, it was mailed on that date. Respondent disagrees. Respondent argues that a date affixed by a U.S. Postal Service kiosk constitutes a postmark for purposes of section 7502 and that because the envelope containing petitioners' petition bore an August 16, 2013, postmark, the petition was not timely mailed. Alternatively, respondent argues that, even if we were to find that the markings in question do not constitute a postmark for purposes of section 7502, petitioners have nevertheless failed to carry their burden of proving that the petition was timely mailed, and that, consequently, we lack jurisdiction to review the determination to proceed with the collection action.

**[*8]**  We agree with respondent that we must dismiss this case for lack of jurisdiction because of the absence of a timely petition.  We need not address whether the markings in question constitute a postmark for purposes of section 7502 because the existence (or nonexistence) of an August 16, 2013, postmark does not affect the outcome in this case.  We must, in other words, dismiss the case for lack of jurisdiction under either scenario.  For instance, if the markings constitute a postmark, section 7502 offers no comfort to petitioners because they failed to satisfy the threshold prerequisite to the application of section 7502--a timely postmark.  If, on the other hand, the markings do not constitute a postmark, thereby opening the door for extrinsic proof by petitioners that their petition was mailed on or before August 15, 2013, petitioners have nevertheless failed to carry their burden of proving that the petition was timely mailed.  Petitioners in fact chose not to attend the hearings or provide documentation from the U.S. Postal Service (i.e., certified mail receipt) or other persuasive evidence establishing that they mailed the petition on or before August 15, 2013.  The only evidence of mailing that petitioners presented is a copy of a bank statement--attached to their response to respondent's motion to dismiss--showing a credit card charge on "August 16, 2013 12:00 a.m."  This evidence alone is clearly not sufficient to prove that they mailed the petition by the August 15, 2013, date.

**[*9]**   In sum, petitioners have failed to prove that the petition was mailed on or before August 15, 2013.  Since the petition was not filed, or treated as filed, within the statutorily prescribed period, we lack jurisdiction to review the determination to proceed with the collection action in the notice of determination, and the case must be dismissed.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order of</u> <u>dismissal for lack of jurisdiction</u> <u>will be entered</u>.