T.C. Memo. 2021-63

UNITED STATES TAX COURT

URIAH I. SHITRIT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21104-18P.                    Filed May 20, 2021.

<u>Frank Agostino</u> and <u>Phillip J. Colasanto</u>, for petitioner.

<u>Lisa P. Lafferty</u>, <u>John S. Hitt</u>, and <u>Douglas S. Polsky</u>, for respondent.

MEMORANDUM OPINION

URDA, <u>Judge</u>:  Petitioner Uriah Shitrit filed a petition in this Court to contest the certification by the Internal Revenue Service (IRS) that he was an individual with a seriously delinquent tax debt under section 7345, a certification

[*2] that was later transmitted to the Secretary of State.[1]  In his petition Mr. Shitrit asks this Court to (1) reverse the certification, (2) determine that "he is not liable for any additional tax, interest, or penalty" for his 2006 tax year, and (3) order the refund of a $3,000 overpayment that had been applied against the outstanding 2006 liability.

During the pendency of this case the IRS reversed the certification and notified the Secretary of State of that reversal.  Respondent then moved to dismiss this case as moot with respect to the certification issue and for lack of jurisdiction with respect to Mr. Shitrit's other challenges.  Consistent with our recent Opinion in Ruesch v. Commissioner, 154 T.C. 289 (2020), we will dismiss this case.

Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits.  Mr. Shitrit lived in Israel when he timely filed his petition.

A.    2006 Tax Liability

Mr. Shitrit is a dual citizen of Israel and the United States.  Mr. Shitrit did not file a Federal income tax return for 2006.  Three separate companies, New

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.  We round all monetary amounts to the nearest dollar.

[*3] Century Mortgage Corp., Wilshire Credit Corp., and Titan Realty Services, Inc., however, reported that he had received income from them during that year.

In light of this third-party reporting, the IRS prepared a section 6020(b) substitute for return for Mr. Shitrit's 2006 tax year. On October 27, 2008, it issued a Letter 2566 SC/GC, Proposed Individual Income Tax Assessment, notifying him of the section 6020(b) substitute for return and the total tax, additions to tax, and interest proposed for assessment. The letter was mailed to an address in Burbank, California, that was on file for Mr. Shitrit. The IRS had obtained this address during a previous inquiry, although the record does not otherwise shed light on the provenance of the address.

On January 10, 2011, the IRS issued a notice of deficiency to Mr. Shitrit at the Burbank address, determining a deficiency of $101,772, statutory interest of $4,260, and additions to tax of $37,383 for failure to timely file under section 6651(a)(1), failure to timely pay under section 6651(a)(2), and failure to pay estimated tax under section 6654(a) for a total of $143,415. The notice was returned as undeliverable by the U.S. Postal Service on January 27, 2011. The tax and additions to tax were assessed on June 6, 2011.

[*4] B.      Collection Activities

The case was assigned in 2016 to a revenue officer for collection of the outstanding 2006 tax liability.  In the course of preparing collection notices, the revenue officer investigated the Burbank address, as well as two other California addresses connected with Mr. Shitrit.  The revenue officer, inter alia, made a field call to the Burbank address, a "mail drop business" that Mr. Shitrit had not visited in over a decade, according to its owner.

On September 29, 2016, the IRS mailed a Letter 1058, Notice of Intent to Levy and Your Right to a Hearing, to Mr. Shitrit at the Burbank address.  The IRS also mailed a Letter 3172, Notice of Federal Tax Lien and Your Right to a Hearing Under IRC 6320, to the same Burbank address on October 11, 2016.  Both notices were returned as refused or unclaimed.

In 2017 Mr. Shitrit filed Federal income tax returns for 2014, 2015, and 2016 on which he included his address in Israel.  On July 24, 2017, the IRS mailed a Notice CP49, Overpaid Tax Applied to Other Taxes You Owe, to Mr. Shitrit at his Israeli address notifying him that the IRS had applied a $3,000 overpayment from his 2016 tax year against the 2006 tax liability, leaving $222,654 due for the 2006 tax year.

[*5] C.　　　Certification, Petition, and Reversal

On July 23, 2018, the IRS sent Mr. Shitrit, again to his Israeli address, a Notice CP508C, Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the State Department.  The notice advised him that the IRS had certified to the Secretary of State that he was a person owing a "seriously delinquent tax debt," i.e., his 2006 tax liability plus interest thereon.

On October 25, 2018, Mr. Shitrit filed a petition with this Court, asserting that he was the victim of identity theft, which resulted in the 2006 liability.  He asked the Court to conclude that he did not have a seriously delinquent tax debt and to require the reinstatement of his passport.  Additionally Mr. Shitrit requested that the Court determine that (1) the IRS had failed to send the notice of deficiency to the correct address, (2) he "is not liable for any additional tax, interest, or penalty" for 2006, and (3) he "is entitled to a refund of $3,000".

During the pendency of this case the IRS determined that it could not clearly establish that the notice of deficiency was sent to Mr. Shitrit's last known address as required by section 6212, and on November 18, 2019, his 2006 income tax assessment was abated.  The IRS subsequently reversed its certification that Mr. Shitrit owed a "seriously delinquent tax debt" and then notified the Secretary of State and Mr. Shitrit.

[*6]                                        Discussion

I.      Governing Legal Principles

Section 7345(a) provides that if the Secretary of the Treasury receives certification by the Commissioner that a taxpayer has a "seriously delinquent tax debt," the Secretary of the Treasury shall transmit such certification "to the Secretary of State for action with respect to denial, revocation, or limitation" of the taxpayer's passport. A "seriously delinquent tax debt" is defined as a Federal tax liability that has been assessed which exceeds $50,000 (adjusted for inflation), which is unpaid and legally enforceable, and against which a lien notice has been filed or a levy has been made. Sec. 7345(b)(1). If a certification "is found to be erroneous or if the debt with respect to such certification is fully satisfied", the IRS must reverse its certification and notify the Secretary of State and the taxpayer. Sec. 7345(c)(1), (d).

A taxpayer who has been notified of the certification may petition this Court "to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification." Sec. 7345(e)(1). If this Court "determines that such certification was erroneous, then the [C]ourt may order the Secretary [of the Treasury] to notify the Secretary of State that such certification was erroneous." Sec. 7345(e)(2). "The statute specifies no other form

**[\*7]** of relief that \* \* \* [this Court] may grant."  Ruesch v. Commissioner, 153 T.C. at 294.

II.    Jurisdiction

Respondent has moved to dismiss for lack of jurisdiction Mr. Shitrit's challenge to the underlying liability and his refund claim.  Section 7345 does not give us jurisdiction to consider either claim.

As an initial matter the Tax Court may exercise jurisdiction only to the extent authorized by Congress, see sec. 7442; Wright v. Commissioner, 571 F.3d 215, 219 (2d Cir. 2009), vacating in part and remanding T.C. Memo. 2006-273; Estate of Young v. Commissioner, 81 T.C. 879, 881 (1983), and lacks "authority to enlarge upon that statutory grant", Kasper v. Commissioner, 137 T.C. 37, 40 (2011).  Jurisdiction must be shown affirmatively, and, as the party invoking the Court's jurisdiction, the taxpayer bears the burden of proving the facts that establish our jurisdiction.  See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001).

Mr. Shitrit initiated the instant case pursuant to section 7345(e)(1), which permits a taxpayer to "bring a civil action \* \* \* against the Commissioner in the Tax Court".  As we recently explained, section 7345(e)(1) "circumscribes quite narrowly our jurisdiction in passport cases", limiting our jurisdiction "to

[*8] determining whether the Commissioner erred in certifying (or in failing to reverse a certification) that a taxpayer owes a 'seriously delinquent tax debt' as defined in section 7345(b)." Ruesch v. Commissioner, 154 T.C. at 295-296. We thus may consider issues such as "whether the taxpayer's assessed Federal tax liability exceeds $50,000 (as adjusted for inflation), whether the IRS has commenced collection action with respect to that liability, whether collection of the tax debt is suspended because a CDP hearing is pending, or whether the taxpayer is paying the tax debt in a timely manner under a collection alternative." Id. at 296.

Both of Mr. Shitrit's claims lie outside the boundaries staked by Congress. As an initial matter, "[t]here is nothing in the text of section 7345 that authorizes us to redetermine * * * [a taxpayer's] underlying liability". Id. Section 7345 likewise does not grant this Court jurisdiction to determine an overpayment or to order a refund or credit of tax paid. See also Weber v. Commissioner, 138 T.C. 348, 369-370 (2012); McLane v. Commissioner, T.C. Memo. 2018-149, at *10-*11; cf. Greene-Thapedi v. Commissioner, 126 T.C. 1, 12 (2006) (explaining that the history of overpayment jurisdiction in deficiency cases would negate any attempt to infer such overpayment jurisdiction in the absence of explicit statutory authority).

[*9]   Mr. Shitrit nonetheless argues that section 6512 grants us jurisdiction to determine an overpayment and that section 6402 equips us with the power to order a refund of that overpayment.  We disagree.  "Section 6512(b)(1) gives us jurisdiction to determine an overpayment in a case in which we also determine the existence of a deficiency."  McLane v. Commissioner, at *35.  Section 6512 does not grant us jurisdiction in this passport case to determine an overpayment with respect to Mr. Shitrit's 2016 tax.[2]

III.   Mootness

A.   Complete Relief Already Afforded

Mr. Shitrit properly invoked our jurisdiction to determine whether the IRS erred in certifying that he was a person owing a seriously delinquent tax debt.  See sec. 7345(e).  Jurisdiction, once properly invoked, generally remains with the Court until we dispose of the controversy.  See Naftel v. Commissioner, 85 T.C. 527, 530 (1985); Dorl v. Commissioner, 57 T.C. 720, 722 (1972).

---

[2]Mr. Shitrit argues that sec. 7803(a)(3) confers jurisdiction on this Court. Sec. 7803(a)(3) "provides a statutory taxpayer bill of rights (TBOR), [and] gives * * * [a taxpayer] a right to be heard and to appeal decisions of * * * [the Commissioner] to an independent forum."  Atl. Pac. Mgmt. Grp., LLC v. Commissioner, 152 T.C. 330, 336 (2019) (citing Protecting Americans from Tax Hikes Act of 2015, Pub. L. No. 114-113, sec. 401(a), 129 Stat. at 3117).  It "does not confer any new rights on taxpayers * * * [and] [i]t does not independently establish a basis for jurisdiction in this Court."  Id.

**[\*10]** Respondent contends that no justiciable case or controversy remains with respect to Mr. Shitrit's passport claim because the IRS has reversed its certification and informed the Secretary of State.

We have recently reaffirmed that "the 'case or controversy' requirement under Article III applies to the exercise of our judicial power." Ruesch v. Commissioner, 154 T.C. at 298; see also Battat v. Commissioner, 148 T.C. 32, 46 (2017) (and cases cited therein); Anthony v. Commissioner, 66 T.C. 367, 370 (1976), aff'd without published opinion, 566 F.2d 1168 (3d Cir. 1977). We will dismiss a case as moot if the parties' subsequent actions have produced a situation in which neither party retains any "legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). A case is moot when "the court can provide no effective remedy because a party has already 'obtained all the relief that [it has] sought.'" Ruesch v. Commissioner, 154 T.C. at 299 (alteration in original) (quoting Conservation Force, Inc. v. Jewell, 733 F.3d 1200, 1204 (D.C. Cir. 2013)).

In this case the IRS certified Mr. Shitrit as a person owing a seriously delinquent tax debt. Mr. Shitrit, believing that certification to be erroneous, petitioned this Court for review. The relief that the statute authorizes us to grant, if

**[\*11]** we determine a certification to have been improper, is an order directing the Commissioner to "notify the Secretary of State that such certification was erroneous." Sec. 7345(e)(2). Here, the IRS has reversed its certification and has so notified the State Department. Mr. Shitrit thus has received all of the relief that he requested and that we could grant, and accordingly his claim is moot.

B.    Voluntary Cessation

Mr. Shitrit argues that this case is not moot, relying on the principle that the voluntary cessation of an activity by an offending party does not necessarily render a case moot. See Davis, 440 U.S. at 631. Underlying this principle is the recognition that voluntary cessation may grant a plaintiff relief, while leaving a defendant able to subject the plaintiff to the same harm later, free from judicial review. See Ruesch v. Commissioner, 154 T.C. at 300. We thus weigh (1) whether interim relief or events have completely eradicated the effects of the alleged violation and (2) whether there is no reasonable expectation that the alleged violation will recur. See Davis, 440 U.S. at 631. "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." Id.

**[*12]** Both conditions are satisfied in this case. As an initial matter, the Commissioner has reversed the certification and that reversal has been transmitted to the Secretary of State, affording Mr. Shitrit the relief that he sought with respect to his passport claim. As in Ruesch, these actions have "completely eradicated the effect of the erroneous certification, which is the violation that petitioner alleged" with respect to that claim. See Ruesch v. Commissioner, 154 T.C. at 300.

Moreover there is no reasonable expectation that the alleged violation will recur. The IRS has both reversed the erroneous certification and also abated the underlying liability. For the alleged violation to recur, the IRS would have to flout the definition of a seriously delinquent tax debt after having abated the liability, which strikes us as most unlikely. Accordingly, the voluntary cessation exception does not apply.

IV.    Conclusion

We conclude that we lack jurisdiction over Mr. Shitrit's additional claims for relief in which he seeks a declaration that he was not liable for the underlying tax liability from 2006 and a refund of tax overpayments from 2016. Regarding the passport claims over which we do have jurisdiction, we hold that Mr. Shitrit has already been afforded all of the relief available to him under section 7345, that this Court is unable to provide further relief at this juncture, and that the case is

**[\*13]** therefore moot.  Accordingly, we will grant respondent's motions to dismiss for lack of jurisdiction and for mootness.

To reflect the foregoing,

<u>An appropriate order and order of dismissal for lack of jurisdiction will be entered</u>.