PHILLIPS PETROLEUM CO. AND AFFILIATED SUBSIDIARIES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 34019-87.          Filed May 4, 1989.

*Stephen D. Gardner* and *Ann E. Purintun,* for the petitioner.
*Val J. Albright,* for the respondent.

OPINION

SCOTT, *Judge:* This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section

7443A of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* This case came before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to Petitioner's claim for refund, credit, or offset of Federal excise taxes allegedly paid pursuant to I.R.C. section 4371. The issue presented by respondent's motion is whether petitioner is entitled to offset section 4371 excise taxes paid against a deficiency in Federal income tax. The deficiency arose from the disallowance of deductions for insurance expense claimed for insurance premiums on which petitioner had previously paid excise taxes under section 4371.[2]

In his notice of deficiency, dated July 20, 1987, respondent determined deficiencies in income tax for the taxable years 1975 through 1978 as follows:

| Year | Deficiency |
| --- | --- |
| 1975 | $3,842,229.12 |
| 1976 | 14,706,626.78 |
| 1977 | 31,148,144.82 |
| 1978 | 45,755,365.67 |

Petitioner timely filed its petition. At the time the petition was filed, petitioner's principal office was in Bartlesville, Oklahoma.

On its Federal income tax returns for the years in issue, petitioner claimed deductions for amounts paid to Walton Insurance Ltd. (Walton), its wholly owned foreign subsidiary, as insurance expenses. Petitioner paid excise taxes under section 4371 on the amounts paid to Walton as insurance premiums. In his notice of deficiency, respondent disallowed the claimed deductions, determining that the amounts were not paid for insurance.

---

[1]This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code, as amended and in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Sec. 4371 provides as follows:

There is hereby imposed, on each policy of insurance, indemnity bond, annuity contract, or policy of reinsurance issued by any foreign insurer or reinsurer, a tax at the following rates:

\* \* \* \* \* \* \*

Paragraph 5.G. of the petition states:

The Commissioner erroneously failed to offset against the deficiencies in income tax as determined by him federal excise tax payments on insurance premiums paid to Walton Insurance Limited for the taxable years 1975, 1976, 1977 and 1978.

In paragraph 6.G., petitioner states:

(i) During the taxable years 1975, 1976, 1977 and 1978, pursuant to section 4731 of the Internal Revenue Code, federal excise taxes in the amounts of $200,014.88, $145,167.75, $164,808.00 and $175,268.02, respectively, were paid by Phillips and its affiliates with respect to insurance premiums paid to Walton; and

(ii) If the Commissioner's positions with respect to the issues described in subparagraphs A. through F. of paragraph 5. above are sustained in whole or in part, any resulting deficiencies must be reduced by the amount of such excise taxes paid to the Commissioner.

(iii) The Commissioner has failed to provide for such offset in his notice of deficiency.

In his motion to dismiss for lack of jurisdiction and to strike, respondent argues that section 4371 appears in chapter 34 of the Code, and that the deficiency notice procedures provided by section 6212 do not apply to the excise tax imposed by section 4371. Respondent further contends that the deficiency notice did not determine a deficiency in excise taxes, and that petitioner is, in effect, claiming an overpayment of the excise tax imposed by section 4371.

Petitioner argues that it has not claimed an overpayment of section 4371 excise taxes, but simply seeks a determination of its income tax liability. According to petitioner, the deductions for insurance premiums were properly claimed. Petitioner argues, however, that if the premiums were not paid for insurance, then its income tax must be reduced by the amount of section 4371 excise tax paid with respect to the disallowed premiums under the doctrine of equitable recoupment. Petitioner also argues that respondent is bound by his ruling in Priv. Ltr. Rul. 8552005 (Aug. 29, 1985), although it was issued to another taxpayer. The ruling held that the taxpayer was entitled to file a claim for refund of income tax under the doctrine of equitable recoupment to the extent of a barred overpayment of excise tax paid pursuant to section 4371 after deductions claimed for insurance expense were disallowed.

This Court has repeatedly stated that its jurisdiction is strictly limited by statute and that it is without authority to enlarge upon that statutory grant of jurisdiction. *Estate of Meyer v. Commissioner,* 84 T.C. 560 (1985); *Estate of Young v. Commissioner,* 81 T.C. 879, 881 (1983); *Medeiros v. Commissioner,* 77 T.C. 1255, 1259 (1981); *Breman v. Commissioner,* 66 T.C. 61, 66 (1976). We may therefore exercise jurisdiction only to the extent expressly provided by Congress.

Sections 7442 and 6213 confer jurisdiction on the Tax Court to redetermine deficiencies in income, estate and gift, and certain excise taxes. Our jurisdiction is dependent upon the issuance of a notice of deficiency. Secs. 6211-6214. Notices of deficiency are to be issued with respect to deficiencies determined in taxes imposed by subtitle A (income and excess profits taxes), subtitle B (estate and gift taxes), and chapters 41, 42, 43, 44, and 45 (certain excise taxes, not including the excise tax imposed by section 4371 of chapter 34). Sec. 6212.

In addition, there are other limited circumstances where the Internal Revenue Code grants jurisdiction to this Court. For example, the Court is authorized to enter declaratory judgments with respect to certain specific matters. See secs. 7428, 7476, and 7478. The Court also has jurisdiction in cases commenced by a notice of liability as a transferee or fiduciary and disclosure actions. See secs. 6901, and 6110, and Rules 13, 210(c), and 220(c). Finally, we have jurisdiction in actions for readjustment or adjustment of partnership items. See secs. 6226 and 6228, and Rule 240. Nowhere is it provided, however, that we have jurisdiction to determine a deficiency or overpayment of the excise tax imposed by section 4371 of chapter 34.

Even though petitioner argues that it does not seek an overpayment of section 4371 excise taxes in this proceeding, it in effect asks that we determine overpayments of section 4371 excise taxes and redetermine deficiencies in its Federal income tax with reference to the overpayments of section 4371 excise taxes. The Tax Court's jurisdiction to determine an overpayment is prescribed by section 6512(b)(1).[3] As

---

[3] Sec. 6512(b)(1) provides as follows:

(b) OVERPAYMENT DETERMINED BY TAX COURT.—

provided in section 6512(b)(1), this Court's jurisdiction to determine an overpayment parallels its jurisdiction to redetermine a deficiency. Thus, we may determine overpayments only of income tax, gift tax, estate tax, or the excise taxes imposed by chapters 41, 42, 43, 44, and 45, and we may not determine an overpayment of the excise tax imposed by section 4371, as petitioner effectively requests that we do.

Nevertheless, petitioner maintains it is entitled to an offset for the excise taxes paid under section 4371 under the doctrine of equitable recoupment; otherwise, it contends, it will be subjected to a "double" tax. The doctrine of equitable recoupment allows the Government to offset a correct tax which cannot now be imposed against the refund of a tax erroneously collected, or permits a taxpayer to offset a tax collected under an incorrect theory against a tax that was properly imposed.

Numerous cases hold that the Tax Court is without jurisdiction to apply the doctrine of equitable recoupment. See, e.g., *Commissioner v. McCoy*, 484 U.S. 3 (1987); *Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418 (1943); *Continental Equities, Inc. v. Commissioner*, 551 F.2d 74 (5th Cir. 1977), affg. on this issue and revg. on another issue a Memorandum Opinion of this Court; *Estate of Van Winkle v. Commissioner*, 51 T.C. 994 (1969). Although petitioner distinguished several such cases factually, they are all grounded on the Tax Court's lack of general equitable jurisdiction. In *Gooch Milling & Elevator Co.*, the Supreme Court held that the Tax Court was without jurisdiction to apply the doctrine of equitable recoupment because to do so would have required the Tax Court to determine an overpayment in a year not before it, a determination beyond the scope of its statutory authority. See also *Commissioner v. McCoy, supra*. Here, application

(1) JURISDICTION TO DETERMINE.—Except as provided by paragraph (2) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates for the same taxable period, in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

of the doctrine of equitable recoupment would require us to determine that petitioner overpaid excise taxes imposed by section 4371, a determination that is also outside the scope of our jurisdiction.

We recently held in *Woods v. Commissioner,* 92 T.C. 776 (1989), that the Tax Court may apply general equitable principles in deciding matters over which we otherwise have jurisdiction. We stated, however, that the Court may not "exercise 'general equitable principles' to take jurisdiction over a matter not provided for by statute." *Woods v. Commissioner, supra* at 787. Since we have no statutory jurisdiction over the section 4371 excise taxes paid by petitioner, we are without jurisdiction over such taxes in this case.

Petitioner contends that when Congress enacted the Tax Reform Act of 1969 granting the Tax Court status as a court established under Article I of the Constitution, our jurisdiction was expanded. We have previously rejected this argument. See *Burns, Stix Friedman & Co. v. Commissioner,* 57 T.C. 392, 396(1971); see also *Continental Equities, Inc. v. Commissioner, supra* at 82-84.

The facts of the case of *Purdy v. Commissioner,* T.C. Memo. 1982-652, are very similar to those here. In *Purdy,* the taxpayer treated payments to his former wife as wages and paid withholding and FICA taxes on the payments. The taxpayer ultimately conceded that the payments were for child support, and that the amounts paid to his former wife were improperly deducted. He contended, however, that the withholding and FICA tax payments he made on behalf of his wife should offset his income tax deficiency. We held that we lacked jurisdiction both to determine whether the withholding and FICA taxes constituted overpayments and to apply the doctrine of equitable recoupment.

Our rationale in *Purdy* was that consideration of the withholding and FICA tax issue exceeded the scope of our statutory jurisdiction, and that our lack of jurisdiction over the taxes at issue and our general lack of equity jurisdiction precluded application of the doctrine of equitable recoupment. For these same reasons, we conclude that we lack jurisdiction as to petitioner's claim of offset in this case. With respect to petitioner's argument regarding P.L.R.

8552005, we simply point out that such a ruling can in no way confer jurisdiction on this Court, where none otherwise exists, to consider petitioner's entitlement to recoup section 4371 excise taxes. We note, however, that respondent's counsel suggested at oral argument of his motion that petitioner might obtain relief by filing a claim for refund under the equitable recoupment theory, so that petitioner might receive a credit for the excise taxes administratively.

Based on the foregoing, respondent's motion will be granted.

*An order will be entered granting respondent's motion to dismiss and to strike.*