CHARLES GRASSO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grasso v. Commissioner
Docket No. 27266-92
United States Tax Court
T.C. Memo 1994-479; 1994 Tax Ct. Memo LEXIS 487; 68 T.C.M. (CCH) 821; October 3, 1994, Filed *487 Decision will be entered for petitioner as to 1978 and for respondent as to 1981 and 1982. Charles Grasso, pro se. For respondent: David L. Click. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1978
$  4,284
$ 177
$ 214
-
-
1981
8,873
2,093
444
[1]
$ 632
1982
12,631
2,405
632
[2]
863
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are: (1) Whether the statute of limitations bars assessment of deficiencies against petitioner for 1981 and 1982; (2) whether the statutory notice of deficiency sent to petitioner is valid; (3) whether petitioner is entitled to relief for alleged improper collection practices; (4) whether petitioner had unreported taxable income *488 in 1981 and 1982; and (5) whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a), and 6654(a). FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time of the filing of the petition, petitioner resided in Westbury, New York. Petitioner worked at various jobs throughout the United States and received wage income of $ 30,716 and $ 40,826 in 1981 and 1982, respectively. Petitioner also received interest income of $ 14 in 1982. Petitioner did not file timely income tax returns for 1981 and 1982. Respondent prepared a "substitute for return" for 1978, 1981, and 1982. In 1985, respondent sent statutory notices of deficiency (the 1985 notices) to petitioner for 1978, 1981, and 1982 at a Las Vegas, Nevada, address. Petitions were not filed with this Court with reference to those 1985 notices. Subsequently, the taxes that were determined in the 1985 notices were assessed. Liens were placed on petitioner's property, and petitioner's salary was garnished pursuant to a levy in order to satisfy the assessed tax liabilities. Apparently concluding that the 1985 notices *489 were invalid because they were not sent to petitioner's last known address, on July 19, 1990, the Internal Revenue Service (IRS) executed a certificate of release of lien. No refunds were made of amounts previously levied upon under the 1985 notices. On September 4, 1992, the notice of deficiency that resulted in this proceeding was sent by the IRS Long Island Appeals Office to petitioner for 1978, 1981, and 1982 at an address in Westbury, New York. On December 3, 1992, petitioner mailed a document that was accepted by the Court as the petition. Petitioner filed an amended petition on February 12, 1993, that stated: 3. The deficiencies as determined by Mr. Finkelstein are for the calendar years 1978, 1981, and 1982 and totals $ 25,788.00 all of which is in dispute, not because of any amount of money but because the Long Island Appeals Office of the Internal Revenue Service did not have the Delegation of Authority to issue this new Notice of Deficiency on its own.
In answering the amended petition, respondent conceded that the statute of limitations barred assessment for 1978 and thus that 1978 was no longer in issue. Respondent also alleged that the statute of limitations *490 did not bar assessment of tax for 1981 and 1982 because petitioner did not file income tax returns for those years. Petitioner, in response to respondent's motion under Rule 37(c), alleged that a 1981 return, and probably a 1982 return, were filed on his behalf by an accounting firm. OPINION Petitioner contends that the notice of deficiency at issue was not sent prior to the expiration of the period of limitations for assessment of tax. Respondent has conceded that the statute of limitations bars assessment for 1978 but contends that, under section 6501(c)(3), the statute of limitations does not bar assessment for 1981 and 1982 because petitioner failed to file returns for those years. Section 6501(c)(3) provides that tax may be assessed at any time in the case of a failure to file a return. At trial, petitioner testified that, although he negligently failed to file timely 1981 and 1982 income tax returns, he took the information to prepare the returns to his accountant, Mark B. Kanover (Kanover), around April 1983. Petitioner claims that he attempted to contact Kanover in order to obtain copies of his filed returns, but was unable to locate him, and that personnel at the IRS *491 failed to assist petitioner in his effort to locate Kanover. In any event, petitioner stipulated that respondent did not receive income tax returns from petitioner for 1981 and 1982. On brief, petitioner contends that he was mistaken in stipulating; however, he has not shown any ground for relief from the stipulation. It would unduly prejudice respondent to disregard the stipulation at this late date, and it would be necessary to reopen the record to receive transcripts of petitioner's account. See Rule 91(e). There is no evidence that petitioner or Kanover actually filed the 1981 and 1982 returns. As a result, we hold that the notice of deficiency was not sent after the expiration of the period of limitations. Petitioner also contends that the substitute returns that were prepared by respondent are not returns authorized by statute and, thus, that there are no valid returns from which respondent could determine a deficiency. Section 6020(b)(1) provides that, if any person fails to file a required return, the Commissioner shall make such return from available information. When a taxpayer fails to file a return, a deficiency can be determined regardless of whether a section *492 6020(b)(1) return is made by the Commissioner. Hartman v. Commissioner, 65 T.C. 542, 546 (1975). Relying on Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), petitioner further contends that the notice of deficiency is invalid because it was not issued under proper IRS procedure. Specifically, petitioner contends that the Long Island Appeals Office did not have the authority to issue the notice of deficiency because petitioner did not request an "Appeals conference". Petitioner presented copies of various sections of the IRS manual that list the authority and jurisdiction of IRS Appeals and of a letter from an Appeals officer stating that the District Director had forwarded petitioner's case for an Appeals conference even though petitioner had not requested such a conference. Respondent presented letters from petitioner to IRS officials dated November 5, 1991, and March 30, 1992, in which petitioner made arguments that he is not liable for U.S. tax because he is a New York citizen, because he is not a taxpayer as defined in the Code, and because filing tax returns *493 is voluntary. On this record, we cannot ascertain, with any certainty, the sequence of, or motivation for, the procedural steps undertaken by the IRS in this case. In any event, IRS procedural rules do not have the force and effect of law and are merely directory; compliance with them is not essential to the validity of a notice of deficiency. Luhring v. Glotzbach, 304 F.2d 560, 563 (4th Cir. 1962); Collins v. Commissioner, 61 T.C. 693, 701 (1974). We do not generally look behind the Commissioner's determinations and inquire into the Commissioner's motives and the propriety of the administrative policy and procedures employed by her prior to making her determinations. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Petitioner's reliance on Scar v. Commissioner, supra, for his argument that respondent's violation of administrative procedure invalidates a notice of deficiency is misplaced. That case dealt only with a notice that showed on its face that the taxpayer's filed return had not been examined, and it has been limited to such *494 cases. See, e.g., Clapp v. Commissioner, 875 F.2d 1396, 1399-1400 (9th Cir. 1989). It has no application here. Petitioner also makes various claims with respect to IRS collection procedures undertaken against him. Petitioner misunderstands the nature of his petition to this Court, which is a statutory proceeding specifically provided by Congress so that a taxpayer can obtain a judicial determination of his tax liability without having to pay the deficiency first. Swanson v. Commissioner, 65 T.C. 1180, 1184 (1976). Although petitioner contends that we can use "non-statutory review procedures" to provide him with a remedy, the jurisdiction of the Tax Court is limited by statute, and we are without authority to enlarge upon that statutory grant of jurisdiction. Phillips Petroleum Co. v. Commissioner, 92 T.C. 885 (1989). We do not have jurisdiction over the collection of tax issues raised by petitioner. See sec. 7426; Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Swanson v. Commissioner, supra at 1184. Therefore, we do *495 not address petitioner's allegations of improper collection procedures. Petitioner has stipulated that he received wage income in 1981 and 1982 and interest income in 1982. On brief, petitioner contends that he is entitled to deductions for various expenses, none of which have been quantified. Petitioner bears the burden of proving his entitlement to any claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S.    , 112 S. Ct. 1039, 1043 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner did not timely raise these claims and did not introduce any evidence with respect to them. Thus, we hold that petitioner had unreported taxable income in 1981 and 1982 as determined by respondent. Section 6651(a)(1) imposes an addition to tax for failure to file any required return on the date prescribed, unless the failure is due to reasonable cause and not due to willful neglect. Petitioner has made inconsistent statements about whether he filed returns for 1981 and 1982. Petitioner's argument that he believes that returns were prepared and filed by Kanover is not reasonable cause *496 for failure to file. United States v. Boyle, 469 U.S. 241 (1985). Accordingly, we hold that petitioner is liable for the section 6651(a)(1) additions to tax for 1981 and 1982. Respondent also determined that petitioner is liable for additions to tax for negligence or intentional disregard of rules or regulations under section 6653(a) for 1981 and 1982. Negligence, as used in section 6653(a), is defined as the "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967)). In some circumstances, good faith reliance on expert advisers negates applicability of the addition to tax for negligence. Ewing v. Commissioner, 91 T.C. 396, 423-424 (1988), affd. without published opinion 940 F.2d 1534 (9th Cir. 1991). Respondent's determination that petitioner's underpayment of tax was due to negligence or intentional disregard of rules or regulations is "presumptively *497 correct and must stand unless the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Failure to file returns is evidence of negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990). Petitioner contends that he relied on Kanover to prepare and file his returns. However, petitioner did not retain copies of the returns allegedly filed by his accountant or make sure that such returns were actually filed. Accordingly, we hold that petitioner has failed to meet his burden of proving that he is not liable for the addition to tax for negligence. Respondent also determined that petitioner is liable for additions to tax for failure to pay estimated tax under section 6654(a) for 1981 and 1982. Petitioner failed to demonstrate that, for the years in issue, he made any estimated tax payments; he had any income tax withheld; or he meets any of the exceptions contained in section 6654(d). Accordingly, we hold that petitioner is liable for the section 6654(a) *498 additions to tax for 1981 and 1982. See Grosshandler v. Commissioner, 75 T.C. 1, 21 (1980). We have considered the other arguments of the parties, and they are either without merit or not necessary in view of our resolution of the issues. Decision will be entered for petitioner as to 1978 and for respondent as to 1981 and 1982. Footnotes
1. 50 percent of the interest due on $ 8,372.↩
2. 50 percent of the interest due on $ 9,621.↩