156 T.C. No. 6

UNITED STATES TAX COURT

SUZANNE J. MCCRORY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9659-18W.                    Filed March 2, 2021.

P filed with R's Whistleblower Office (WBO) 21 Forms 211, Application for Award for Original Information, alleging that 21 taxpayers underreported their tax obligations.  The WBO sent P a letter recommending a preliminary award under I.R.C. sec. 7623(a).  P neither agreed nor disagreed with the preliminary award recommendation.  P filed a petition seeking review of the preliminary award recommendation.  R moved to dismiss for lack of jurisdiction.

<u>Held</u>:  The preliminary award recommendation under I.R.C. sec. 7623(a) does not constitute a "determination" within the meaning of I.R.C. sec. 7623(b)(4).  We thus lack jurisdiction because no determination has been issued to P that would confer jurisdiction on this Court.  We will therefore grant R's motion to dismiss for lack of jurisdiction.

**Served 03/02/21**

Suzanne J. McCrory, pro se.

Alex Shlivko and Lydia A. Branche, for respondent.

OPINION

NEGA, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner commenced this whistleblower proceeding pursuant to section 7623(b)(4).[1] Respondent contends that we lack jurisdiction because a preliminary award recommendation is not a "determination". The sole issue for decision is whether the letter respondent sent to petitioner recommending a preliminary award under section 7623(a) constitutes a "determination" within the meaning of section 7623(b)(4).

Background

The following facts are drawn from the pleadings, the parties' motion papers, and the exhibits and declarations attached thereto. Petitioner resided in New York when the petition was filed.

On January 28, 2015, petitioner submitted 21 separate Forms 211, Application for Award for Original Information (whistleblower claims), to the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

Internal Revenue Service (IRS) Whistleblower Office (WBO). Petitioner alleged in these whistleblower claims that 21 individual taxpayers underreported their tax obligations with respect to litigation settlement awards they received. The information petitioner provided was based entirely on public records. These whistleblower claims are petitioner's ninth series of whistleblower claims submitted to the WBO.

The WBO notified petitioner that it had received the whistleblower claims and assigned her 21 separate claim numbers. The WBO informed petitioner that it would evaluate the information she provided to determine whether an investigation was warranted and an award was appropriate. Using petitioner's information, the IRS collected proceeds resulting from administrative actions against two of the taxpayers she had identified. After reviewing the administrative record, the tax analyst assigned to petitioner's whistleblower claims recommended an award to petitioner under section 7623(a).

On April 10, 2018, the WBO mailed petitioner a Preliminary Award Recommendation under Section 7623(a). Included with that letter were a Summary Report and a Response to Summary Report form. The letter stated that the WBO "has reached a preliminary award recommendation under * * * [section] 7623(a)" and enclosed "a Summary Report that explains our preliminary award

recommendation in the amount of $962.92." The letter informed petitioner that the award "amount is a preliminary recommendation because the determination of tax is not final and is subject to change", and "if there are any changes * * * the * * * [WBO] will send * * * [petitioner] a revised Preliminary Award Recommendation Letter." The letter also stated that this "letter begins the whistleblower award administrative proceeding" and explained that petitioner had two options. If she agreed with the award, she was directed by the letter to "[c]heck the appropriate box, sign and date the Response to Summary Report form indicating * * * [her] agreement," and "return the signed form" to the WBO. The letter advised her that, "[b]y checking the box that you agree with the preliminary award recommendation, you agree to waive any judicial appeal rights with respect to the award determination, including filing a petition with the U.S. Tax Court." The letter stated that such "agreement and waiver of appeal rights shall only be binding to the extent that payment is made consistent with this preliminary award recommendation". If petitioner disagreed with the award, she was directed to "[c]heck the appropriate box, sign and date the enclosed Response to Summary Report form" and "[r]eturn the signed Response to Summary Report along with any comments to the preliminary award recommendation to the Whistleblower Office within 30 days from the date of this letter."

Rather than choose one of those options, petitioner created a third box on the Response to Summary Report form, checked that third box, and stated: "I neither agree nor disagree with the preliminary award recommendation". On April 17, 2018, petitioner sent the Response to Summary Report form accompanied with a letter to the WBO. In the letter, petitioner stated that she would "need more facts to understand the handling of these 21 claims before * * * [she] could agree or disagree" with the award and inquired as to whether she could have access to the administrative file. On April 24, 2018, the tax analyst informed petitioner by telephone that she would not be able to review the administrative file because it contained confidential taxpayer information. To date, respondent has not issued petitioner a subsequent decision letter, award check, or any other written notice regarding her whistleblower claims.

On May 9, 2018, petitioner filed a petition with this Court requesting "disclosure of the information that would explain IRS decision-making" with respect to the preliminary award recommendation under section 7623(a). The WBO suspended further administrative consideration of petitioner's whistleblower claims when the claims became subject to the instant litigation. On June 20, 2018, respondent filed a motion to dismiss for lack of jurisdiction on the ground that no determination has been issued to petitioner with respect to her whistleblower

claims that would confer jurisdiction on this Court. Petitioner objects to the granting of respondent's motion.[2]

Discussion

I.      Tax Court Whistleblower Award Jurisdiction

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). We are without authority to enlarge upon that statutory grant. See Phillips Petroleum Co. & Affiliated Subs. v. Commissioner, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to determine whether we have jurisdiction. Hambrick v. Commissioner, 118 T.C. 348, 350 (2002); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Kluger v. Commissioner, 83 T.C. 309, 314 (1984).

Section 7623(b)(4) provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." See Whistleblower 14106-10W v. Commissioner, 137 T.C. 183, 186-187 (2011); Kasper v. Commissioner, 137 T.C. 37, 41 (2011). Petitioner filed

_____

[2]Pursuant to our orders, respondent has also filed a first supplement to motion to dismiss for lack of jurisdiction and petitioner filed a response to respondent's first supplement to motion to dismiss for lack of jurisdiction.

the petition invoking the Court's jurisdiction within 30 days of the date the WBO mailed the preliminary award recommendation letter. The jurisdiction of this Court is nevertheless dependent upon a finding that a "determination" has been made. Kasper v. Commissioner, 137 T.C. at 41. Accordingly, we must decide whether the preliminary award recommendation issued to petitioner constitutes a "determination" within the meaning of section 7623(b)(4).

II.     "Determination" Within the Meaning of Section 7623(b)(4)

Section 7623 does not clearly define what constitutes a "determination" or require that the whistleblower be issued any particular form of notice. Kasper v. Commissioner, 137 T.C. at 41; see Whistleblower 22231-12W v. Commissioner, T.C. Memo. 2014-157, at *11. As a result, in prior cases "[w]e have held that the name or label of a document does not control whether the document constitutes a determination" and that "our jurisdiction is established when the Commissioner issues a written notice that embodies a determination." Cooper v. Commissioner, 135 T.C. 70, 75 (2010). The Court has not previously addressed whether a preliminary award recommendation under section 7623(a) constitutes a "determination" within the meaning of section 7623(b)(4). However, the Court has addressed whether any other form of written notice issued in a whistleblower case constitutes a "determination" that would confer jurisdiction upon this Court.

The Court held that a letter denying a whistleblower claim, although not labeled a determination, constituted a "determination" within the meaning of section 7623(b)(4) because it was "a final administrative decision regarding * * * [the] whistleblower claims in accordance with the established procedures." Cooper v. Commissioner, 135 T.C. at 76; see Kasper v. Commissioner, 137 T.C. at 41. Similarly, the Court held that a letter constituted a "determination" when it contained a statement on the merits of a whistleblower claim, referred for the first time in a letter to the whistleblowers to the fact that a determination had been made on their claim, and did not indicate that further administrative procedures were available to the whistleblowers.[3] Comparini v. Commissioner, 143 T.C. 274, 279 (2014).

The Court also addressed, in determining whether a petition was timely filed, when a "determination" occurs where the WBO has notified the whistleblower that an award will be forthcoming. The Court stated that, "[i]n the case of a favorable award decision, the * * * [WBO's] 'determination' denotes a decision that the whistleblower will receive an award in a specific amount."

---

[3]The Court further held that the WBO may issue more than one "determination" with respect to a whistleblower claim on any of which our jurisdiction might be based. Comparini v. Commissioner, 143 T.C. 274, 282-283 (2014).

Whistleblower 4496-15W v. Commissioner, 148 T.C. 425, 430 (2017). The Court found that neither the WBO's issuance of the preliminary award recommendation under section 7623(b) nor the whistleblower's acceptance of the award constituted a "determination" because the amount of the award remained "subject to conditions subsequent that could cause the award amount to be reduced." Id. Accordingly, the Court held that, absent an intervening final determination confirming the amount of the award, the WBO "issue[d] a written notice that embodie[d] * * * [its] determination" when it issued the award check and that this action notified the whistleblower of the "final administrative decision regarding * * * [his] * * * claims in accordance with the established procedures." Id. at 432 (citing Cooper v. Commissioner, 135 T.C. at 75-76).1

III.    Whether the Preliminary Award Recommendation Issued to Petitioner Constituted a "Determination"

In the motion to dismiss for lack of jurisdiction, respondent contends that the Court lacks jurisdiction because the preliminary award recommendation did not constitute a "determination" within the meaning of section 7623(b)(4). Petitioner contends the preliminary letter embodied a "determination" because the letter: (1) requested that she waive her appeal rights; (2) did not indicate that the

preliminary award amount would change; and (3) did not indicate that a subsequent determination would be issued. The Court agrees with respondent.

The preliminary award recommendation did not denote a final administrative decision that petitioner would receive an award in a specific amount. See Whistleblower 4496-15W v. Commissioner, 148 T.C. at 430. The letter explicitly stated that the award "amount is a preliminary recommendation because the determination of tax is not final and is subject to change" and, if there are any changes, the WBO "will send * * * [petitioner] a revised Preliminary Award Recommendation Letter." Thus, the amount of the award recommended in the letter remained subject to conditions subsequent, i.e., a final determination of tax, that could cause the amount of the award to change.[4] See id. Even if petitioner agreed with the award and waived appeal rights, which she did not, this action would not finalize the amount of the award because the letter stated that such agreement and waiver "shall only be binding to the extent that payment is made consistent with this preliminary award recommendation". See id. at 430-431. Accordingly, the preliminary award recommendation was not a final

---

[4]A "final determination of tax" is deemed to have occurred if the IRS has collected the relevant proceeds and either (1) the statutory period for filing a refund claim has expired or (2) the target(s) have agreed to the tax liability and waived any right to seek a refund. Sec. 301.7623-4(d)(2), Proced. & Admin. Regs.

administrative decision because the amount of the award the WBO recommended in the letter remained uncertain. See id. Additionally, respondent has not subsequently confirmed the amount of award by issuing petitioner a final decision letter or award check on which the Court's jurisdiction might be based.

The preliminary award recommendation stated that it commenced the whistleblower administrative proceeding and indicated that further administrative procedures were available to petitioner. See Comparini v. Commissioner, 143 T.C. at 279. The letter explained that petitioner could either agree and waive any judicial appeal rights or disagree and submit comments to the WBO within 30 days from the date of the letter. The WBO stated that it would "consider any comments received and send a Final Award Determination Letter." Other than requesting access to the administrative file, petitioner has not submitted any comments to the WBO in response to the letter, and respondent has not issued a final decision letter. Thus, this letter was not a final administrative decision that concluded petitioner's whistleblower administrative proceeding.

Respondent issued the preliminary award determination in accordance with the framework set forth in the regulations for awards under section 7623(a).[5] The

---

[5]These regulations, finalized on August 12, 2014, apply to information submitted on or after that date and to claims for award under sec. 7623(a) that

(continued...)

WBO began the whistleblower administrative proceeding when it notified petitioner of the award recommendation under section 7623(a) in a preliminary award recommendation letter. See sec. 301.7623-3(b)(1), Proced. & Admin. Regs. Under the regulations, the WBO is only permitted to pay an award and communicate the amount of an award in a decision letter at the conclusion of the administrative process and when there is a final determination of tax. Id. subpara. (2). According to the Summary Report, the WBO did not expect a final determination of tax to occur until May 2019. Nevertheless, on May 9, 2018, petitioner filed her petition with this Court and, as a result of this litigation, the WBO suspended further administrative consideration of her whistleblower claims. Accordingly, because her administrative proceeding has not concluded and there has not been a final determination of tax, the WBO has not, nor is permitted to, pay an award or issue a final decision letter to petitioner.

We thus hold that the preliminary award recommendation respondent issued to petitioner did not constitute a "determination" within the meaning of section 7623(b)(4) because it was not a "final administrative decision regarding * * * [the]

---

[5](...continued)
were open as of that date. See sec. 301.7623-3(f), Proced. & Admin. Regs.; T.D. 9687, 2014-36 I.R.B. 486.

whistleblower claims in accordance with the established procedures." See Cooper v. Commissioner, 135 T.C. at 76.

In the event we agree with respondent, as we have, petitioner alternatively asks that the Court either order respondent to issue a final decision or consider the preliminary award recommendation a final decision in the interests of judicial economy. As previously stated, the Court may exercise jurisdiction only to the extent authorized by Congress and is without authority to enlarge upon that statutory grant. Judge v. Commissioner, 88 T.C. at 1180-1181; Naftel v. Commissioner, 85 T.C. at 529; see Phillips Petroleum Co. & Affiliated Subs. v. Commissioner, 92 T.C. at 888. Section 7623(b)(4) authorizes this Court to exercise jurisdiction when a determination has been made. Kasper v. Commissioner, 137 T.C. at 41. Since we have concluded that respondent has not made a "determination", we lack authority to enlarge upon that statutory grant by deeming the preliminary award recommendation to be a "determination" for purposes of our review. Likewise, we decline to order respondent to issue a final decision or to intervene in the whistleblower administrative process.[6]

---

[6]Our jurisdiction under sec. 7623 does not contemplate that the Court review the Commissioner's determinations of the alleged tax liability to which the claim pertains, nor does it confer on us authority to direct the Commissioner to commence an administrative or judicial action. Cohen v. Commissioner, 139 T.C.

(continued...)

IV.   <u>Conclusion</u>

We conclude that this Court lacks jurisdiction over this matter because no determination has been issued to petitioner that would confer jurisdiction on this Court. We have considered all the other arguments of the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An order and order of dismissal for</u>

<u>lack of jurisdiction will be entered</u>.

---

[6](...continued)
299, 302 (2012) (citing <u>Cooper v. Commissioner</u>, 136 T.C. 597, 600 (2011)), <u>aff'd</u>, 550 F. App'x 10 (D.C. Cir. 2014).