# United States Tax Court

T.C. Memo. 2023-112

ANDREW BILL KATAKIS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 11725-20W.                    Filed August 30, 2023.

————

Andrew Bill Katakis, pro se.

*Brandon M. Chavez*, *Michael Skeen*, and *Lesley A. Hale*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: In this whistleblower award case the Internal Revenue Service (IRS or respondent) has filed a Motion to Dismiss for Lack of Jurisdiction. Respondent contends that the IRS Whistleblower Office (WBO) did not "proceed[] with any administrative or judicial action" on the basis of petitioner's information, *see* § 7623(b)(1), and hence that dismissal is required under *Li v. Commissioner*, 22 F.4th 1014 (D.C. Cir. 2022).[1] Agreeing with respondent, we will grant his Motion.

### *Background*

The following facts are derived from the parties' pleadings and respondent's Motion, including the Exhibits attached thereto. These Exhibits include the relevant portions of the administrative record underlying this case. On February 25, 2020, petitioner filed with the WBO

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

[*2] Form 211, Application for Award for Original Information. Petitioner allegedly gathered the information underlying his claims from documents and testimony that emerged during civil litigation involving 14 different taxpayers (Targets).

Petitioner alleged that Targets had engaged in money laundering through real estate transactions. He included a spreadsheet listing hundreds of such transactions, showing for each the buyer, the seller, the sale price, the property address, the transaction date, etc. For some transactions he appended "WB Comments," e.g., "Where did the down payment come from and who is making the loan payments and what is the current loan balance[?]" He did not allege any specific violation of any Federal tax law.

On June 12, 2020, the WBO acknowledged receipt of petitioner's claims and sent them to a "classifier" in the Small Business/Self-Employed Operating Division. The role of a classifier is to "determine whether the information should be forwarded for further review. Those claims not forwarded for further review can be rejected or denied based on [the classifier's] rationale for not forwarding the claim." *Internal Revenue Manual* 25.2.1.3.1(1) (May 28, 2020) (explaining the "roles and responsibility of classification").

In an Award Recommendation Memorandum dated August 15, 2020, the classifier recommended that petitioner's claims be rejected. The classifier noted that petitioner had not supplied any financial records or source documents "that would allow the Service to determine amounts, tax years, where business income was allocated. . . , [or the] nature or validity of the allegation." Finding that petitioner had provided "[n]o specific and credible information about a Federal tax issue or non-compliance," the classifier recommended "[r]ejecting [the] claim[s] for failing to include . . . information to support a potential tax violation/allegation, as well as documentation to support the claim[s]."

The WBO agreed with this recommendation, and petitioner's claims were not forwarded to any IRS examination team for further review. On August 19, 2020, the WBO issued petitioner a Final Decision letter rejecting his claims. This letter explained that the claims "ha[d] been rejected because the IRS decided not to pursue the information you provided."

Petitioner timely petitioned this Court for review of the WBO's decision. On March 24, 2023, respondent filed the Motion to Dismiss for

**[*3]** Lack of Jurisdiction. We directed petitioner to file a response to the Motion, if he disagreed with it, by August 22, 2023. He filed no response by that date or subsequently.

*Discussion*

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner*, 88 T.C. 1175, 1180–81 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). We are without authority to enlarge upon that statutory grant. *See Phillips Petroleum Co. & Affiliated Subs. v. Commissioner*, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to decide whether we have jurisdiction. *McCrory v. Commissioner*, 156 T.C. 90, 93 (2021).

Section 7623(b)(4) defines our jurisdiction in whistleblower award cases. *Shands v. Commissioner*, No. 13499-16W, 160 T.C., slip op. at 7 (Mar. 8, 2023). It provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) [of subsection (b)] may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." By its terms, the statute gives us jurisdiction only over "determination[s]" made under section 7623(b), which authorizes the IRS to make nondiscretionary awards.

Absent stipulation to the contrary, appeal of whistleblower award cases lies to the U.S. Court of Appeals for the D.C. Circuit. *See* § 7482(b)(1) (penultimate sentence); *Kasper v. Commissioner*, 150 T.C. 8, 11 n.1 (2018). In *Li v. Commissioner*, 22 F.4th 1014, the D.C. Circuit delineated this Court's jurisdiction to review cases (like this one) where the IRS has issued a threshold rejection of a whistleblower's claim. In *Li* the WBO rejected a whistleblower's claim on the ground that the information she submitted was "vague and speculative." *Id.* at 1017. The WBO did not forward the claim to an IRS examination team for further review, and no action was taken against the target taxpayer.

The D.C. Circuit held that the Tax Court lacked jurisdiction in these circumstances because the IRS had made no "award determination" within the meaning of section 7623(b). *Li v. Commissioner*, 22 F.4th at 1017. As the court explained, "an award determination by the IRS [under section 7623(b)] arises only when the IRS '*proceeds* with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by [the whistleblower].'"

**[\*4]** *Id.* (quoting § 7623(b)(1)).  Because "[t]here was no proceeding . . . , the Tax Court had no jurisdiction to review the WBO's threshold rejection of [the claimant's] Form 211."  *Ibid.*

This case is on all fours with *Li*.  An IRS classifier recommended that petitioner's claims be rejected "for failing to include specific and credible information to support a potential tax violation/allegation."  Accepting the classifier's recommendations, the WBO decided not to forward the information to an IRS examination team, and no action was taken against Targets on the basis of information that petitioner supplied.  Because the IRS did not "proceed[] with any administrative or judicial action," the D.C. Circuit's decision in *Li* dictates that we grant respondent's Motion to Dismiss for Lack of Jurisdiction.

To implement the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*